# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

IN RE:

Sarah Ayers Weans,

Debtor.

C/A No. 06-00598-JW

Chapter 13

**ORDER**

This matter comes before the Court upon a Motion to Extend Stay ("Motion") filed by Sarah Ayers Weans ("Debtor") pursuant to 11 U.S.C. § 362(c)(3)(B).[1] Debtor served the Motion and a Notice of Hearing on all creditors. The Chapter 13 Trustee filed a response.

Ms. Weans was a debtor in a prior Chapter 13 bankruptcy case (C/A No. 00-05892) that was pending within a one (1) year period preceding the filing of this current case. Therefore, pursuant to § 362(c)(3)(A), the automatic stay provided by § 362(a) is scheduled to terminate on March 18, 2006, the thirtieth day (30th) day after Debtor filed this current bankruptcy case.

Under § 362(c)(3)(C)(i)(II)(cc), there is a presumption that Debtor did not file this current case in good faith because Debtor's previous case was dismissed for failure to make timely plan payments. Pursuant to § 362(c)(3)(C)(ii), the lack of good faith presumption also arises with respect to Select Portfolio Servicing, a mortgage creditor with a lien on one of Debtor's real properties, because Select Portfolio Servicing had obtained relief from the automatic stay prior to the dismissal of Debtor's previous case. In light of the presumption that Debtor filed this current case with a lack of good faith,

---

[1] Internal references to the Bankruptcy Code (11 U.S.C. § 101 et. seq.), as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, shall be made by section number only.



Debtor must demonstrate, by clear and convincing evidence, that he filed this case in good faith in order to extend the stay beyond March 18, 2006.

Debtor made payments in her prior case for nearly five years. However, Debtor missed certain plan payments in her previous case because she miscalculated the rental income that she earns and her living expenses. Debtor is elderly and unable to work; and thus, she primarily relies upon the collection of rental income from several properties to pay for her living expenses and fund her plan. In light of her age, Debtor's son has moved into her residence to assist Debtor with daily affairs, including the management of her rental properties. Debtor's son testified that his assistance to Debtor will continue throughout the duration of this case.

Since the filing of her previous case, Debtor's income has increased by approximately $1,000.00 per month. Furthermore, according to Debtor's schedules, Debtor holds certain real properties that are collectively worth $246,100.00 and are encumbered by approximately $130,145.46 in liens and mortgages. The substantial equity present in this case, improves the likelihood that Debtor's Chapter 13 plan will be performed and that creditors will be paid. Accordingly, in light of the totality of the circumstances presented and under the conditions set forth herein, the Court finds that Debtor filed this case in good faith. [2]

It is therefore,

---

[2] The Court's findings are limited to the context of this Motion and nothing in this Order shall be construed as *res judicata* to prevent Debtor, the trustee, or any party in interest from challenging or establishing that this case or plan was filed or proposed in good faith for purposes of 11 U.S.C. §§ 1307 or 1325. See In re Charles, 332 B.R. 538, 542 (Bankr. S.D. Tex. 2005) (holding that Congress, by enacting § 362(c)(3), intended the courts to conduct an early triage of a case and determine whether a case is doomed to fail or whether a case has a reasonable likelihood of success).

**ORDERED** that the automatic stay is extended as to all creditors pursuant to § 362(c)(3)(B); and it is further

**ORDERED** that should Debtor fail to complete this Chapter 13 case for any reason, then this case, upon recommendation by the Trustee, shall be converted to a case under Chapter 7 of the Bankruptcy Code if Debtor is eligible to file such a case, otherwise, the case shall be dismissed with prejudice as to any subsequent filing by Debtor under any Chapter of the Bankruptcy Code for a period of one (1) year.

**AND IT IS SO ORDERED.**

_____
UNITED STATES BANKRUPTCY JUDGE

Columbia, South Carolina,
March 13, 2006

3